*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CITY OF EASTPOINTE,

        Plaintiff-Appellee,

V

ZSAZSA MICHELLE SOWARD,

        Defendant-Appellant.

UNPUBLISHED
July 29, 2026
10:59 AM

No. 365745
Macomb Circuit Court
LC No. 2023-000195-AR

Before: GADOLA, C.J., and RIORDAN and LETICA, JJ.

PER CURIAM.

Defendant Zsazsa Michelle Soward appeals by leave granted[1] the circuit court's order denying her motion for resentencing after the district court imposed a sentence of incarceration for a nonserious misdemeanor, driving without a valid license, MCL 257.904(1). Because the district court failed to fully explain why its departure from the statutory presumption of a nonjail, nonprobation sentence under MCL 769.5(3) was warranted based on the circumstances of the offense and the offender, we reverse the circuit court's order, vacate defendant's sentence, and remand to the district court for resentencing.

## I. BACKGROUND

This case is just one in defendant's lengthy history of citations for driving without a license, registration, or insurance. In January 2023, defendant was pulled over because her vehicle was missing its driver's side mirror and appeared to have an expired registration tab. When defendant was asked for her driver's license, she provided her Michigan identification card but said that she did not have a driver's license, nor did she have registration or insurance for the vehicle. Because defendant had several outstanding warrants, she was arrested and spent the next several days in jail.

---

[1] *Eastpointe v Soward*, unpublished order of the Court of Appeals, entered May 17, 2023 (Docket No. 365745).

In February 2023, defendant pleaded guilty to the charge of driving without a valid license in District Court Case No. 2023-23-22-CA-OT, which is the subject of this appeal. Defendant told the district court that she never obtained a driver's license, but she was in the process of doing so. The district court then sentenced defendant. The district court found it problematic that defendant repeatedly was cited for driving without a license, and yet she still did not appear to understand that she could not drive without one. Accordingly, the district court sentenced defendant to 93 days in jail.

Defendant appealed her sentence to the Macomb Circuit Court, arguing, in part, that the district court abused its discretion when it imposed a jail sentence for a nonserious misdemeanor contrary to MCL 769.5. The circuit court affirmed her sentence, ruling that defendant's repetitive conduct justified the departure from the statutory presumption that nonserious misdemeanors do not warrant incarceration.

Defendant then filed an application for leave to appeal in this Court, which we granted. *Eastpointe v Soward*, unpublished order of the Court of Appeals, entered May 17, 2023 (Docket No. 365745). However, in August 2023, the parties filed a joint motion to remand to the district court for resentencing. We granted the motion and remanded the case to the district court to allow defendant to move for resentencing, and for the court to resentence her if warranted. *Eastpointe v Soward*, unpublished order of the Court of Appeals, entered December 14, 2023 (Docket No. 365745). We retained jurisdiction and stayed any possible jail sentence pending appeal. *Id*. We also imposed certain requirements for remand, including that defendant promptly initiate the proceedings on remand and that defendant file a copy of any motion for resentencing filed in the district court with this Court. *Id*.

After remand, defense counsel apparently filed a substantive motion for resentencing in April 2024, although we were not provided a copy of this motion, nor does it appear in the lower-court record. However, the district court did agree to resentence defendant. Over the next 12 months, defendant's resentencing was adjourned a number of times. Many, but not all, of those adjournments appear have been due to defendant's failure to attend required hearings and her failure to bring required documentation for her ability-to-pay hearing, which this Court separately ordered in Docket No. 365735.[2] When defendant failed to appear for resentencing on April 24, 2025, the district court issued a bench warrant for her arrest. After the bench warrant was issued, defendant filed her appellant's brief with this Court and requested that this appeal be allowed to proceed because the district court still had not resentenced her. Because we granted leave to hear this appeal in 2023 but have not yet had the opportunity to consider the merits of defendant's arguments, we do so now.

## II. STANDARDS OF REVIEW

"Sentencing decisions are reviewed for an abuse of discretion." *People v Boykin*, 510 Mich 171, 182; 987 NW2d 58 (2022). "An abuse-of-discretion standard recognizes that there may be

---

[2] *Eastpointe v Soward*, unpublished order of the Court of Appeals, entered May 17, 2023 (Docket No. 365735).

more than one principled outcome and the trial court may not deviate from that principled range of outcomes." *Id*. We review a trial court's factual determinations at sentencing for clear error. *People v Gloster*, 499 Mich 199, 204; 880 NW2d 776 (2016). "A trial court's finding of fact is clearly erroneous when, although there is evidence to support it, we, on the whole record, are left with a definite and firm conviction that a mistake was made." *People v Thigpen*, 349 Mich App 437, 446-447; 27 NW3d 647 (2023).

"[A]lthough we give no deference to the circuit court's findings in its review of the district court decision, we give a great deal of deference to the district court's decision; that is, we review that decision for an abuse of discretion." *People v Crumbley*, 346 Mich App 144, 166; 11 NW3d 576 (2023) (explaining the standard of review in the context of a circuit court's review of a district court's bindover decision) (emphasis omitted).

Questions of statutory interpretation are reviewed de novo. *Boykin*, 510 Mich at 183. Likewise, the interpretation of a court rule also is a question of law that we review de novo. *People v Walters*, 266 Mich App 341, 346; 700 NW2d 424 (2005).

### III. PROPORTIONALITY OF DEFENDANT'S SENTENCE

Defendant argues that the circuit court erred when it declined to order resentencing because the district court abused its discretion by departing from the statutory presumption of nonjail, nonprobation sentences for nonserious misdemeanors.

Since the trial court last considered the matter now before us, we issued a published decision on sentencing in nonserious misdemeanor matters. See *People v Mason*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367687). "A trial court's sentencing decisions must be based on the principle of proportionality." *Id*. at ___; slip op at 2 (quotation marks and citations omitted). Under Michigan law, this requires that "the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing. In making this assessment, the judge, of course, must take into account the nature of the offense and the background of the offender." *People v Steanhouse*, 500 Mich 453, 472; 902 NW2d 327 (2017) (quotation marks and citation omitted). "A sentence is unreasonable—and therefore an abuse of discretion—if the trial court failed to adhere to the principle of proportionality in imposing its sentence on a defendant." *Mason*, ___ Mich App at ___; slip op at 2 (quotation marks and citation omitted).

MCL 769.5 provides a rebuttable presumption against incarceration for nonserious misdemeanors:

> (3) There is a rebuttable presumption that the court shall sentence an individual convicted of a misdemeanor, other than a serious misdemeanor, with a fine, community service, or other nonjail or nonprobation sentence.

> (4) The court may depart from the presumption under subsection (3) if the court finds reasonable grounds for the departure and states on the record the grounds for the departure. [MCL 769.5(3) and (4).]

-3-

Together, these provisions "establish a sentencing framework for misdemeanor convictions that is similar to the framework for felony convictions and the legislative sentencing guidelines." *Mason*, ___ Mich App at ___; slip op at 4.

The statute further provides that the definition of a "serious misdemeanor" in this context is taken from MCL 780.811. MCL 769.5(7). MCL 780.811(1)(a) lists specific misdemeanors that are defined as serious, such as domestic violence. See MCL 780.811(1)(a)(*i*). The charge at issue in this case, driving without a valid license, is not included in the list of serious misdemeanors.

Under MCL 769.5, a nonjail or nonprobation sentence imposed for a misdemeanor that is not serious is a "presumptively proportionate sentence, as a within-guidelines sentence is for a felony conviction." *Mason*, ___ Mich App at ___; slip op at 4. However, a trial court has the discretion to depart from the general presumption and impose a sentence of incarceration "if the court finds reasonable grounds for the departure and states on the record the grounds for the departure." MCL 769.5(4). "This provision corresponds to MCL 769.34(3), which provides that a 'court may depart from the appropriate sentence range established under the sentencing guidelines . . . if the departure is reasonable and the court states on the record the reasons for departure.'" *Mason*, ___ Mich App at ___; slip op at 4. In such a case, the court must examine "whether the sentence is proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. (quotation marks and citation omitted). To make this determination, the trial court may appropriately consider a defendant's criminal history, but it also must weigh the seriousness of the offense. *Id*. at ___; slip op at 5. To justify a departure from the general presumption of a nonjail sentence, the trial court should consider factors "that demonstrate circumstances taking this particular case outside the realm of the ordinary [driving with a suspended license] case." *Id*. Indeed, the trial court must explain on the record "why the sentence imposed is more proportionate to the offense and the offender than a different sentence . . . would have been." *People v Lydic*, 335 Mich App 486, 500-501; 967 NW2d 847 (2021) (quotation marks and citation omitted).

Additionally, "a sentence that exposes an offender to incarceration unless he pays restitution or some other fine violates the Equal Protection Clauses of the federal and state constitutions because it results in unequal punishments for offenders who have and do not have sufficient money." *People v Collins*, 239 Mich App 125, 135-136; 607 NW2d 760 (2000) (internal citations omitted). As a result, a defendant cannot be incarcerated for the failure to pay restitution or fines unless the failure to pay was willful. *Id*. To that end, MCR 6.425(D)(3)(a) provides that

> [t]he court shall not sentence a defendant to a term of incarceration, nor revoke probation, for failure to comply with an order to pay money unless the court finds, on the record, that the defendant is able to comply with the order without manifest hardship and that the defendant has not made a good-faith effort to comply with the order.[3]

---

[3] MCR 6.001(B) provides that MCR 6.425(D)(3) "govern[s] matters of procedure in criminal cases cognizable in the district courts."

With these principles in mind, we must analyze whether the district court abused its discretion by imposing a sentence of incarceration for defendant's conviction of a nonserious misdemeanor. In imposing its sentence, the district court engaged defendant in the following exchange:

> *The Court*: You know the problem that we have . . . and I'm sorry that— you know her pregnancy is causing her problems at this point, but she has all of these files. And she keeps doing the same thing over and over again. And what— what's the definition of insanity; do you know that?
>
> * * *
>
> *The Court*: And same result keeps happening, she gets locked up and then she gets behind the wheel again. She doesn't get it. She doesn't get it. You don't get that you can't drive without a license, ma'am. And I still have three more show causes against you. So, not only are you a bad driver because that's how you get caught. You continue to drive on a suspended license, and then you come to court, and your attorneys work out a deal for you and then you fail to pay your fines and costs and then you get behind the wheel again. So there's not consequences to your actions. Right?
>
> *Defendant*: Right.
>
> *The Court*: Why do you keep doing this? That's what I don't understand. Tell—tell—give me a plausible reason why—why you would keep doing this time and time and time again. I don't get it. Tell me.
>
> *Defendant*: I'm not planning on getting out and doing the same thing, just my circumstances need transportation due to my situation to d— [sic] to my job and where I stay, my location. So, I kinda took a chance.
>
> *The Court*: Well, you take a chance and when you take a chance and lose, what happens? You end up in jail. You end up in a worse circumstance. And that's the part I don't get because this has happened so many times, you would think that you were tired of having this happen to you. And having all these fines and costs hang over your head, but it doesn't seem to bother you because you don't pay them. And you don't do what you're supposed to do, but you continue to drive to work. So, it's not like you don't have a job, you just choose not to pay for your fines and costs that were your fault. That you knowingly committed these criminal offenses and then you don't—there—there's no consequences for you. So I— I'm—I'm sorry . . . , we're gonna deal with all the show causes. It's—it's at this point it's not about money, at all. I'm gonna give her 93 days Macomb County Jail[,] credit for 13 [days] and I'm gonna close the file.

The district court appropriately considered defendant's lengthy history of operating a vehicle in Michigan while failing to comply with the basic requirements for doing so, namely having a valid driver's license, valid registration for her vehicle, and valid no-fault insurance. See

*Mason*, ___ Mich App at ___; slip op at 4-5. Indeed, in addition to the misdemeanor charge at issue in the present case, defendant had a long list of citations in Eastpointe for failing to comply with these minimum requirements to operate a vehicle. Consequently, the district court correctly considered defendant's lengthy history of traffic infractions, and the fact that her prior citations did not seem to deter her from driving without the required license, registration, and insurance.

However, when deciding to sentence defendant to jail, the district court also considered that defendant had repeatedly failed to pay her fees and fines for her outstanding citations. The district court held that defendant had willfully disregarded her obligations to pay fees and fines for these citations despite the ability to do so. Again, a court can consider a defendant's failure to pay fees and fines when weighing whether incarceration is warranted, but only when the defendant has the means to pay but willingly refuses to do so. *Collins*, 239 Mich App at 135-136. To make this determination, the court must evaluate whether the defendant can pay the fees and fines without "manifest hardship," which requires the court to consider:

> (*i*) Defendant's employment status and history.
>
> (*ii*) Defendant's employability and earning ability.
>
> (*iii*) The willfulness of the defendant's failure to pay.
>
> (*iv*) Defendant's financial resources.
>
> (*v*) Defendant's basic living expenses including but not limited to food, shelter, clothing, necessary medical expenses, or child support.
>
> (*vi*) Any other special circumstances that may have bearing on the defendant's ability to pay. [MCR 6.425(D)(3)(c).]

Here, the district court's conclusory determination that because defendant had a job, she was willingly choosing not to pay the fees and fines, does not appear to have been supported by the record. The district court did not consider, for instance, the full picture of defendant's financial resources and expenses. Accordingly, on remand, the district court must determine whether defendant had the ability to pay the fees and fines without manifest hardship. To not do so and then sentence a defendant guilty of a nonserious misdemeanor to a jail term under these circumstances is an abuse of discretion.

In addition to its evaluation of the offender, the district court also must weigh the seriousness of the offense when determining whether a sentence of jailtime was appropriate. See *Mason*, ___ Mich App at ___; slip op at 5. More specifically, the district court is required to explain what circumstances removed this particular case from the realm of the ordinary misdemeanor for driving without a valid license. *Id.* Here, the district court opined that defendant was a "bad driver" which was why she was repeatedly getting pulled over. This observation may not entirely be supported by the record here, however. Defendant's history of citations reflects that she has been cited for failing to maintain the required documentation to drive a vehicle, but not necessarily that she is a bad or dangerous driver. In the instant case, for example, defendant was pulled over because her vehicle was missing the driver-side mirror and had an expired

registration tab, only one of which—the missing mirror—might suggest that defendant is a "bad driver." Consequently, the record lacks full consideration of the circumstances of the offense and an explanation as to why the district court's departure was "more proportionate than a different sentence would have been," "which hinders our appellate review of whether the sentence was reasonable." *Id*.

## IV.  CONCLUSION

We reverse the circuit court, vacate defendant's sentence, and remand this matter to the district court for resentencing in accordance with this opinion.  We do not retain jurisdiction.[4]


/s/ Michael F. Gadola
/s/ Michael J. Riordan
/s/ Anica Letica

---

[4] To be clear, our opinion does not necessarily prohibit the district court from imposing a sentence of incarceration on remand, only that the existing record is insufficient to affirm that sentence.